J. E. Hooper

*v.*

State of Tennessee.

*(Nashville,* December Term, 1958.)

Opinion filed March 12, 1959.

HARRY S. LESTER and DAN GARFINKLE, Nashville, for plaintiff in error.

THOMAS E. FOX, Assistant Attorney General, for the State.

Mr. Justice Burnett delivered the opinion of the Court.

Hooper was indicted for practicing dentistry without a license in violation of Section 63-536, T.C.A. He was convicted and his punishment fixed at a fine of $305 and a 60-day confinement in the workhouse of Davidson County. An appeal has been seasonably perfected, briefs filed and arguments heard. We now have the matter for disposition.

There are two questions raised by this appeal, namely: [1] that the trial judge erred in his charge to the jury, and [2] the trial judge erred in permitting a witness for the State, Secretary of the State Licensing Board for the Healing Arts, to testify over objections as to what the records of his office showed.

We are satisfied that there was no error in allowing the witness for the Secretary of the Healing Arts Board to testify as to what his records contained. Section 24-714, T.C.A., provides, that a record, if relevant, is competent evidence if:

"the custodian or other qualified witness, testifies to its identity and the mode of its preparation, and if it was made in the regular course of business, at or near the time of the act, condition or event, and if, in the opinion of the court, the sources of information, meth-

od and time of preparation were such as to justify its admission.''

■ These records were kept in this man's office and under such conditions as he is supposed to know what the records showed by examination. In view of the fact that he was in charge of these records it seems to be perfectly proper to allow him to testify as to what the records of this office showed. Naturally the records in the office of this character were rather voluminous and numerous. There would be, as we see it, no reason why the witness should falsify about the records. In view of the amount of records in that office the rule requiring the production of the papers themselves should be relaxed by the court. The court may in its discretion permit a witness, as this one was, who has examined the papers with reference to the point that he is being questioned about to testify as to the result of his examination. *State ex rel. Stewart v. Follis,* 140 Tenn., 513, 521, 205 S.W. 444.

The question raised, in reference to the charge, presents indeed a very serious question. We have read the entire charge of the Court to the jury. This charge is the usual charge, telling the jury their province to find the facs, etc., and that they are the exclusive judges of what these facts are and that the facts must satisfy the jury ''beyond a reasonable doubt that the defendant is guilty of some one of the offenses, which have been heretofore defined and explained to you.'' Prior to this part of the instruction the court had read to the jury the statute under which the indictment was found and other related statutes defining what the practice of dentistry was and then what the penalty was if he was practicing dentistry without a license.

Following this and other proper charges which are normally given in a criminal case, the court said:

"I charge you that the defendant, J. E. Hooper, who is not a licensed dentist, by taking the impression of the jaws of the witnesses who testified here, and by making false teeth therefrom, was engaged in the practice of dentistry, in violation of Section 63-501 to Section 63-558, Tennessee Code Annotated."

And then in the following paragraph after a proper charge on the facts of this case this was said:

"Mr. Hooper is not a licensed dentist, and in spite of any qualifications he may have, he cannot lawfully engage in the practice of dentistry."

Obviously, these very words of the court to the jury were what this man was indicted for, that is, he was indicted for practicing dentistry without a license. Here the court tells the jury in no uncertain terms at least two places that the defendant "is not a licensed dentist", and this is what the jury was impaneled for, and an indictment to which he had plead not guilty. In other words these were the ultimate findings of fact in a statement by the trial judge.

■ Section 9 of Article 6, of the Constitution of this State, provides:

"Judge's charge. — The Judges shall not charge juries with respect to matters of fact, but may state the testimony and declare the law."

In other words, this Section was put in our Constitution to prohibit a practice of "summing up" as was practiced in Great Britain. This "summing up" was telling the

jury not what was deposed to but what was proved. The Constitution directly forbids such a practice on the part of the trial court. Under this provision of our Constitution it is error for the trial judge, in his charge to the jury, to assume any fact as established, however clear it may appear from the evidence.

The State contends, on the basis of a statement of this Court in *Powers v. State,* 117 Tenn. 363, 97 S.W. 815, 816, that since it was not controverted by Mr. Hooper in the evidence that he did not have a license then that there was no injury done to him and that this was not reversible error. In the Powers case this Court said:

> "The trial judge in a criminal case should not state to the jury any fact as one proven, but should leave all of the facts to the jury. However, the facts stated were not controverted in the record, and we can see that no injury was done by the statement made, and for this reason the error was not reversible."

It is further contended by the State that under the authority of *Palmer v. State,* 121 Tenn., 465, 118 S.W. 1022 (the rule recently approved in *Owen v. State,* 188 Tenn. 459, 221 S.W.2d 515), the absence of an instruction relative to a lesser included offense in the greater offense charged was not error where there was no evidence to support a lesser included offense. We have consistently followed this rule and it is a good rule, but that is not the question raised here. The question here is the conclusion on the evidence as found by the trial judge on the very and only purpose of the indictment, that is, the man was indicted for practicing dentistry without a license and when the trial judge says to the jury in no uncertain terms in at least two instances, that the man did not have

a license, then this is an absolute statement of the fact of all that the man is on trial for by the trial judge and is in violation of Article 6, Section 9, of the Constitution, above quoted.

■ In the charge to the jury, shortly after making these statements to the jury that Mr. Hooper was not a licensed dentist, the Court properly charged the jury:

"You must not imagine that the Court has any opinion in regard to the facts, for it is your duty to find them, and I have attempted to read this charge so as to define to you the law without indicating any opinion about the facts whatever."

Does this charge cure the error above? We think not because of the absolute mandatory provision of the Constitution. Clearly by making the charge to the jury as last above quoted this could no take out of their minds the absolute statement above on two instances of the guilt of the man. In other words, what we are saying is this, What is the necessity of any of the entire charge which was on the basis of a disputed factual question if the trial court had determined already that the man was guilty? Under such circumstances if the man had plead guilty he would have been entitled to have the jury charged as to the law and the penalty that could be inflicted and then the jury could have inflicted the penalty.

■■ The record here, through a number of witnesses, shows that this man, within the terms of the Act, was practicing dentistry. The jury though were the factual judges to pass on these things under a proper instruction from the court and we think the instruction is absolutely proper in every way except the two comments above that

the man was practicing dentistry without a license. The jury was the body to pass on the testimony of this keeper of the records who testified that he investigated them and that Hooper did not have a license. It is up to the jury to weigh this man's testimony and if they were in doubt as to whether he was right or whether he had made the proper investigation, etc., it was up to them with always the presumption in favor of Hooper's innocence.

This being our view of the situation it becomes necessary that the case be reversed and remanded.